UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HOWARD BERGMAN,<br><br>                Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | 2:10-CV-111 JCM (PAL) |

**ORDER**

Presently before the court is defendant United States of America's motion for summary judgment, dated November 10, 2010 (doc. #17). Plaintiff Howard Bergman filed a opposition and counter motion for summary judgment, dated January 20, 2011 (doc. #25) and defendant timely filed a reply (doc. #27).

**I.    Relevant Facts and Procedural History**

This case was initiated after the IRS issued a notice of levy on Mr. Bergman's personal bank account, seizing monies allegedly owed by Howard Bergman Westside Car Sales and Service's ("Westside"). The levy stemmed from Westside's failure to pay employer's annual federal unemployment (FUTA)[1] taxes in tax year 2001.

At issue is whether the IRS properly characterized Westside as a "sole proprietorship" and Mr. Bergman as the "employer" responsible for Westsides's unpaid FUTA taxes. Mr. Bergman claims that in tax year 2001 Westside was a corporation—not a sole proprietorship—and that he is

---

[1] FUTA stands for the Federal Unemployment Tax Act which provides funds for paying unemployment compensation to workers who have lost their jobs.

**James C. Mahan**
**U.S. District Judge**

1  not personally responsible for the unpaid taxes. Conversely, the IRS claims that collection from
2  plaintiff Bergman was proper because, unlike corporations, sole proprietorships are not separate from
3  their owners.

4  Westside filed its FUTA tax return (IRS Form 940) on June 28, 2004, using an employer
5  identification number ("EIN") ending in 5837. It is unclear why Westside waited until 2004 to file
6  a return concerning tax year 2001. Nevertheless, Westside's Tax Form 940 showed a total tax
7  liability of $7,012.21 and a payment of only $400.00. Neither side disputes the $6,612.21 liability.

8  Prior to the levy, Westside filed its four 2001 quarterly tax returns pursuant to Tax Form 941
9  using the EIN ending in 5837. Westside filed its final (fourth) quarterly return, for the period ending
10 on September 30, 2001, on February 4, 2002. Westside registered as a Nevada corporation with the
11 Nevada Secretary of State on September 12, 2001—exactly, eighteen (18) days prior to the end of
12 Westside's 2001 fiscal year.

13 On April 10, 2002, Westside Car Sales and Services Incorporated ("Westside Inc.") filed a
14 U.S. Corporate Income Tax Return (Form 1120) for tax year 2001, using a different EIN, this time
15 ending in 5940. On its return, Westside reported that it was inactive for the 2001 tax year and
16 therefore had zero tax liability. Finally, on March 27, 2006, the IRS levied plaintiff Bergman's
17 personal Wells Fargo bank account for the outstanding tax, penalties, and interest due for the
18 nonpayment of Westside's Form 940 liabilities.

19 **II.     Summary Judgment Standard**

20 Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and
21 admissions on file . . . show that there is no genuine issue of material fact and that the moving party
22 is entitled to a judgment as a matter of law. FED. R. CIV. P. 56

23 **II.     Defendant's Motion for Summary Judgment**

24 Defendant IRS relies on *McNamee v. Dept. of the Treasury*, 488 F.3d 100 (2d Cir. 2007), in
25 which the court affirmed the district court's determination that the IRS properly showed that plaintiff
26 McNamee was personally liable for the nonpayment of his business' employment taxes. *Id.* at 103.
27 McNamee's business was a Limited Liability Company ("LLC") and the court reasoned that he was
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1 personally liable because he failed to exercise his option to have his LLC treated as a corporation in
2 an ancillary tax filing. *Id.* Specifically, the court held that McNamee waived the above-referenced
3 option when he failed to check the appropriate box on Tax Form 8832. *See id. and* 26 C.F.R. §
4 301.7701-3(c) (West 2010) (the "check-the-box" regulation).

*McNamee* is factually distinguishable and not controlling on this court. One primary distinction is that Westside is not an LLC like plaintiff's business in *McNamee*. Accordingly, it is unclear whether Mr. Bergman had an opportunity—and subsequently failed—to characterize Westside as a corporation on a different IRS tax form, like the Tax Form 8832 in *McNamee*. Defendant fails to state why this court should even apply the "check the box provision" in *McNamee* given that 26 C.F.R. § 301.7701-3(c) specifically concerns Tax Form 8832, which is not at issue here, and the regulation did not become effective until December 8, 2006. Lastly, defendant's motion is nebulous as to whether Westside's unpaid FUTA taxes were owed for the time period *before* or *after* its 2001 incorporation. Because the above-referenced genuine issues of material fact remain, defendant's motion for summary judgment (doc. #17) is denied.

**IV.  Plaintiff's Motion for Summary Judgment**

All employers who paid wages of $1,500 or more to employees in any calendar quarter must pay FUTA taxes. *See* 2010 Instruction for Form 940, *available at* http://www.irs.gov/pub/irs-pdf/i940.pdf. Plaintiff Bergman does not cite any relevant case law in support of his claim that he is not personally responsible for Westside's unpaid FUTA taxes. Instead, plaintiff relies on his assertion that Westside was "never a sole proprietorship" (doc. #25). Curiously, Mr. Bergman gives no explanation as to what form of business Westside assumed when it accrued profits, paid wages, and filed a FUTA tax form in 2001 prior to its September 12, 2001 registration as a Nevada corporation. Accordingly, the court finds that the following issues of material facts remain:

  1.  If Westside was "never a sole proprietorship" why did it receive a different EIN number after its incorporation?

  2.  Does Westside's EIN number before incorporation correspond to Mr. Bergman's

1  social security number?
2  3. If Mr. Bergman's assertion that Westside Inc. was "inactive" in 2001 is accurate, then
3  why did it reflect tax liability on its Form 940?
4  4. What was Westside's corporate identity under the tax code before incorporation?
5  Because the above-referenced genuine issues of material fact remain, plaintiff Bergman's motion
6  for summary judgment (doc. #25) is denied.
7  Accordingly,
8  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED defendant United States of
9  America's motion for summary judgment (doc. #17) be, and the same hereby, is DENIED.
10  DATED March 25, 2011.

*[signature]*
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 4 -